**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000630
26-DEC-2019
07:56 AM**

NO. CAAP-18-0000630

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DL, Plaintiff-Appellant, v. CL, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 16-1-1014)

MEMORANDUM OPINION
(By: Fujise, Presiding Judge, Chan and Hiraoka, JJ.)

This case involves the divorce between Plaintiff-Appellant DL (**Husband**) and Defendant-Appellee CL (**Wife**). This is Husband's third appeal from the divorce proceeding.[1] Husband appeals from three post-decree orders entered by the Family Court of the First Circuit[2] on July 16, 2018:

> A.  order denying Husband's Hawai'i Family Court Rules (**HFCR**) Rule 52(b) motion to amend the family court's findings of fact and conclusions of law, to enter new findings and conclusions, and to amend the divorce decree;
>
> B.  order denying Husband's HFCR Rule 59(b) motion for new trial on child custody; and
>
> C.  order denying Husband's HFCR Rule 60(a) motion for relief from judgment.

For the reasons explained below, we hold that orders A and B are void; because Husband's HFCR Rule 52(b) motion and HFCR Rule

---

[1]     Husband filed three additional notices of appeal after this appeal was filed; the subsequent appeals are docketed as CAAP-18-0000704, CAAP-18-0000877, and CAAP-19-0000023.

[2]     The Honorable Gale L.F. Ching presided.

59(b) motion were both untimely, we remand with instructions for the family court to enter orders denying both motions on that basis.  We affirm order C.

I.   **Procedural History**

Husband filed a complaint for divorce from Wife on August 3, 2016.  On August 12, 2016, Husband filed a motion for pre-decree relief concerning physical custody of his and Wife's two minor children (the **Children**).  On September 22, 2016, the family court entered an order awarding Wife temporary physical custody of the Children and allowing the Children to remain in Arizona.  On October 6, 2017, Husband filed a motion to disqualify Wife's counsel.  On October 17, 2017, the family court entered an order denying the motion.  On March 26, 2018 (before entry of a divorce decree), Husband filed his first notice of appeal — from the family court's temporary physical custody order and the order denying Husband's motion to disqualify Wife's counsel, among others.  The appeal was docketed as CAAP-18-0000211 (the **First Appeal**).[3]

The divorce decree was entered on April 26, 2018.  The decree (1) dissolved the marriage, (2) awarded legal custody of the Children jointly to Husband and Wife, physical custody of the Children to Wife, and child support to Wife, and (3) divided and distributed Husband's and Wife's property and debts.  The decree did not resolve the issue of alimony.  On April 26, 2018, the family court also entered amended findings of fact and conclusions of law.[4]  On May 7, 2018, Husband filed a timely HFCR Rule 59(e)[5] motion to reconsider or amend the rulings in the

---

[3]      Wife moved to dismiss the First Appeal as premature.  We denied the motion, concluding that the subsequent entry of the divorce decree satisfied our jurisdictional requirements.  See DL v. CL, No. CAAP-18-0000536, 2019 WL 4934660, at *1 n.2 (Haw. App. Oct. 7, 2019) (SDO) (**DL II**).

[4]      The amended findings and conclusions entered on April 26, 2018, contain two exhibits that were referenced in but omitted from the findings and conclusions originally entered on April 23, 2018.  The amended findings and conclusions were otherwise materially identical to the original findings and conclusions.

[5]      HFCR Rule 59 (eff. Jan. 2015) provides, in relevant part:

(e)    **Motion to reconsider, alter or amend a judgment**
(continued...)

divorce decree regarding child custody and relocation to Arizona. See DL II, at *2. This tolled the time for Husband to file a notice of appeal from the divorce decree until 30 days after entry of the family court's order disposing of the motion.[6] The order denying the HFCR Rule 59(e) motion was entered on June 7, 2018. On July 5, 2018, Husband filed a second notice of appeal — from the divorce decree, the amended findings of fact and conclusions of law, and other orders. The appeal was docketed as CAAP-18-0000536 (the **Second Appeal**).

Meanwhile, on May 22, 2018 (26 days after entry of the divorce decree), Husband filed the three motions which are the subjects of this appeal. The motions were heard on July 11, 2018. The family court took all of the motions under advisement. On July 16, 2018 (11 days after the notice of appeal for the Second Appeal was filed), the family court entered the orders which are the subjects of this appeal. Husband filed the notice of appeal in this case on August 15, 2018.

On February 28, 2019, we issued a summary disposition order in the First Appeal, DL v. CL, No. CAAP-18-0000211, 2019 WL 968052 (Haw. App. Feb. 28, 2019) (SDO), cert. granted, No. SCWC-18-0000211, 2019 WL 3628716 (Haw. Aug. 6, 2019) (**DL I**). We held that (a) the family court did not err in awarding Wife sole

---

[5]    (...continued)
       **or order** . . . . [A] motion to reconsider, alter or amend a
       judgment or order is not required but may be filed no later
       than 10 days after entry of the judgment or order[.]

[6]    Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 4 (eff. until
Jan. 1, 2019) provided, in relevant part:

       **(a)    Appeals in civil cases.**

       . . . .

              (3)    TIME TO APPEAL AFFECTED BY POST-JUDGMENT
       MOTIONS. If any party files a timely motion . . . to
       amend findings or make additional findings, for a new
       trial, to reconsider, alter or amend the judgment or
       order, or for attorney's fees or costs, and court or
       agency rules specify the time by which the motion
       shall be filed, then the time for filing the notice of
       appeal is extended for all parties until 30 days after
       entry of an order disposing of the motion. . . .

       The notice of appeal shall be deemed to appeal the
       disposition of all post-judgment motions that are timely
       filed after entry of the judgment or order.

physical custody of the Children and permitting their relocation to Arizona, and (b) the family court did not err in denying Husband's motion to disqualify Wife's attorney.  The supreme court granted Husband's petition for a writ of certiorari but has not yet issued a decision.

On October 7, 2019, we issued a summary disposition order in the Second Appeal, DL II.  We held that (a) the family court did not abuse its discretion when it denied Husband's motion for reconsideration of its child custody and relocation decision, (b) the family court abused its discretion in deviating from the partnership model based on the findings in the amended findings of fact and conclusions of law, and (c) the family court did not abuse its discretion in imputing an income to Husband and in using the child support guidelines worksheet to calculate that Husband should pay child support in the amount of $2,873.  We vacated the divorce decree in part and remanded the case to the family court for determination of whether and to what extent to exercise its discretion in deviating from the partnership model, and to enter appropriate findings in the record.  DL II, at *10.

## II.   Standards of Review

> [T]he family court possesses wide discretion in making its decisions and those decision [sic] will not be set aside unless there is a manifest abuse of discretion.  Thus, we will not disturb the family court's decisions on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason.

Fisher v. Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006) (citation omitted).

The family court's findings of fact are reviewed under the "clearly erroneous" standard.  Fisher, 111 Hawai'i at 46, 137 P.3d at 360.  A finding of fact is clearly erroneous when the record lacks substantial evidence to support the finding, or despite substantial evidence in support of the finding, we are nonetheless left with a definite and firm conviction that a mistake has been made.  Id.  "Substantial evidence" is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.  Id.  "It is well-settled that an appellate court will not pass

upon issues dependent upon the credibility of witnesses and the weight of evidence; this is the province of the trier of fact." Id. (citation omitted).

The family court's conclusions of law are reviewed de novo, under the right/wrong standard, "and are freely reviewable for their correctness." Fisher, 111 Hawai'i at 46, 137 P.3d at 360.

### III. Discussion

**A. The family court's order denying Husband's motion to amend the findings of fact, conclusions of law, and divorce decree is void.**

Hawai'i divorce cases involve a maximum of four discrete parts: (1) dissolution of the marriage; (2) child custody, visitation, and support; (3) spousal support; and (4) division and distribution of property and debts. Eaton v. Eaton, 7 Haw. App. 111, 118, 748 P.2d 801, 805 (1987). An order which finally decides part (1) is final and appealable when decided even if parts (2), (3), and (4) remain undecided; parts (2), (3), and (4) are each separately final and appealable as and when they are decided, but only if part (1) has previously or simultaneously been decided; and if parts (2), (3), and/or (4) have been decided before part (1) has been finally decided, they become final and appealable when part (1) is finally decided. Id. at 118-19, 748 P.2d at 805 (footnote omitted).

In this case, the April 26, 2018 divorce decree (1) dissolved the marriage, (2) decided child custody, visitation, and support, and (3) divided and distributed Husband's and Wife's property and debts. Thus, the decree (including the family court's decisions on child custody, visitation, and support, and division and distribution of property and debts) was final and appealable even though it did not resolve the issue of spousal support.

Husband's "Motion to Amend Findings of Fact and Conclusions of Law, Enter Additional Findings of Fact and Conclusions of Law, and to Amend Judgment Accordingly; HFCR 52(b)" was filed, as its title suggests, pursuant to HFCR Rule 52(b) (eff. Jan. 2015). The rule provides, in relevant part:

5

> **Amendment.** Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly.

The family court entered amended findings of fact and conclusions of law at the same time it entered the judgment — that is, the divorce decree — on April 26, 2018. Thus, any motion under HFCR Rule 52(b) was due on May 7, 2018.[7] Husband's motion was not filed until May 22, 2018. It was untimely and should have been denied for that reason. Thomas-Yukimura v. Yukimura, 130 Hawai'i 1, 7, 304 P.3d 1182, 1188 (2013).

Husband's untimely HFCR Rule 52(b) motion did not toll the time for Husband to appeal from the divorce decree. See HRAP Rule 4(a)(3). When Husband filed the notice of appeal for the Second Appeal on July 5, 2018, the family court had not yet ruled on Husband's HFCR Rule 52(b) motion. The filing of Husband's notice of appeal divested the family court of jurisdiction to rule on Husband's untimely HFCR Rule 52(b) motion.[8] Lowther v. Lowther, 99 Hawai'i 569, 578, 57 P.3d 494, 503 (App. 2002) ("As a general rule, the filing of a valid notice of appeal transfers all jurisdiction in the case to the appellate court and deprives all family courts of jurisdiction to proceed further in the case, except for some matters. . . . [T]he exceptional matters are collateral or incidental matters."). The family court did not have jurisdiction to enter the July 16, 2018 order denying Husband's motion to amend the family court's findings of fact and conclusions of law, to enter new findings and conclusions, and to amend the divorce decree. The order is void.

> **B.      The family court's order denying Husband's motion for new trial on child custody and other issues is void.**

---

[7]      The tenth day after April 26, 2018 was Sunday, May 6, 2018. See HFCR Rule 6(a) (eff. Jan. 2015).

[8]      Had Husband's HFCR Rule 52(b) motion been timely filed, a notice of appeal filed before timely disposition of the motion would have been null and void and the family court would have retained jurisdiction to decide the motion. Richardson v. Sport Shinko (Waikiki Corp.), 76 Hawai'i 494, 502, 880 P.2d 169, 177 (1994) ("[T]he timely filing of a tolling motion, pursuant to HRAP 4(a)(4), renders any notice of appeal filed before it null and void.").

Husband's "Motion for New Trial on Issues of Child Custody (Physical and Legal), Visitation, Relocation, Child Support, Property Division & Attorneys' Fees" was filed pursuant to HFCR Rule 59. HFCR Rule 59(b) requires a motion for new trial to be filed "not later than 10 days after the entry of the judgment unless otherwise provided by statute." The divorce decree was entered on April 26, 2018. The motion for new trial was filed on May 22, 2018, more than 10 days after entry of the divorce decree, and should have been denied for that reason. Thomas-Yukimura, 130 Hawai'i at 7, 304 P.3d at 1188.

Husband's untimely motion for new trial did not toll the time to file a notice of appeal. When Husband filed the notice of appeal for the Second Appeal on July 5, 2018, the family court had not yet ruled on Husband's motion for new trial. The filing of the second notice of appeal divested the family court of jurisdiction to rule on Husband's untimely motion for new trial.[9] Lowther, 99 Hawai'i at 578, 57 P.3d at 503. The family court did not have jurisdiction to enter the July 16, 2018 order denying Husband's motion for new trial. The order is void.

### C. The family court did not abuse its discretion in denying Husband's motion for relief from judgment.

Husband's "Motion for Relief from Judgment, Pursuant to HFCR Rule 60(a)" was filed pursuant to HFCR Rule 60(a) (eff. Jan. 2015), which provides:

> **(a) Clerical mistakes.** Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

A motion for relief under HFCR 60(a) may be made "at any time." However:

> Relief is not appropriate under Rule 60(a) when the change is substantive in nature. A motion under Rule 60(a) cannot be used to make the judgment or order say something other than what was originally pronounced. Consequently, Rule

---

[9]    See note 8.

> 60(a) is not a vehicle for relitigating matters that already have been litigated and decided, <u>nor to change what has been deliberately done</u>.

<u>Thomas-Yukimura</u>, 130 Hawai'i at 7-8, 304 P.3d at 1188-89 (cleaned up). In this case, Husband stated during the hearing on the motion that "the only remaining issue really is the shared joint physical custody if the parents both live in the same vicinity." The requested change was substantive in nature; the family court did not err in denying the motion.

## IV.   Conclusion

For the foregoing reasons, the (a) order denying Husband's HFCR Rule 52(b) motion to amend the family court's findings of fact and conclusions of law, to enter new findings and conclusions, and to amend the divorce decree, and (b) order denying Husband's HFCR Rule 59(b) motion for new trial on child custody, are void. Because both motions were untimely, we remand with instructions for the family court to enter orders denying both motions on that basis. The order denying Husband's HFCR Rule 60(a) motion for relief from judgment is affirmed.

DATED:   Honolulu, Hawai'i, December 26, 2019.

On the briefs:

Rebecca A. Copeland,
for Plaintiff-Appellant.

CL, Self-represented
Defendant-Appellee.

Presiding Judge

Associate Judge

Keith K Hiraoka

Associate Judge